JUDGE COTE          11 CIV 5834

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR GUZMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and<br>THE CITY OF NEW YORK<br><br>　　　　Defendant. | CIVIL ACTION NO.: |



RECEIVED AUG 19 2011 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff, VICTOR GUZMAN, through undersigned counsel, sues Defendant, THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK, and alleges the following:

## JURISDICTIONAL STATEMENT

1.　This action arises under the Federal Tort Claims Act, 28 U.S.C. Section 1346, as hereinafter more fully appears.

2.　At all times material herein Plaintiff, VICTOR GUZMAN, was and is a resident of Bronx County, New York and otherwise sui juris.

3.　At all times material herein defendant, THE UNITED STATES OF AMERICA, by and through its Drug Enforcement Agency participated in a task force that operated in Bronx County, New York.

4.　At all times material herein defendant, THE CITY OF NEW YORK, by and through its New York City Police Department participated in a task force that operated in Bronx County, New York.

1

5. Plaintiff, VICTOR GUZMAN, has fully complied with all Federal Statutes and all conditions precedent to the filing of this law suit. Undersigned counsel submitted Standard Form 95 to the VA Regional Counsel on or about January 31, 2011.

6. Undersigned counsel was not informed of the Department of Justice's decision to act on the claim in its letter dated April 21, 2011, or at any time thereafter.

## COUNT I – NEGLIGENCE AS TO ALL DEFENDANTS

7. The plaintiff adopts and realleges paragraphs 1 through 6 as if fully set forth herein.

8. The negligence of the Respondent began on April 29, 2009, during an illegal search of the plaintiff's home at 1455 Townsend Avenue, Bronx, NY 10452.

9. The CITY OF NEW YORK had a duty to go through the proper steps to conduct a legal search of the plaintiff's home if it were warranted.

10. The UNITED STATES OF AMERICA had a duty to go through the proper steps to conduct a legal search of the plaintiff's home if it were warranted.

11. The CITY OF NEW YORK had a duty to obtain a warrant to conduct a legal search of the plaintiff's home if it were warranted.

12. The UNITED STATES OF AMERICA had a duty to go through the proper steps to conduct a legal search of the plaintiff's home if it were warranted.

13. The UNITED STATES OF AMERICA had a duty to obtain a warrant to conduct a legal search of the plaintiff's home if it were warranted.

14. On that date, seven law enforcement officers from the New York State Police, the New York City Police Department, and the Drug Enforcement Agency entered an apartment inhabited by the Claimant, Victor Guzman, and others.

15. The CITY OF NEW YORK had a duty to remain within the permissible scope of a warrantless protective sweep on that date.

16. The UNITED STATES OF AMERICA had a duty to remain within the permissible scope of a warrantless protective sweep on that date.

17. The CITY OF NEW YORK had a duty not to violate VICTOR GUZMAN's Fourth Amendment rights on that date.

18. The UNITED STATES OF AMERICA had a duty not to violate VICTOR GUZMAN's Fourth Amendment rights on that date.

19. The CITY OF NEW YORK had a duty not to coerce VICTOR GUZMAN into giving consent to search the premises on that date.

20. The UNITED STATES OF AMERICA had a duty not to coerce VICTOR GUZMAN into giving consent to search the premises on that date.

21. The CITY OF NEW YORK had a duty not to threaten VICTOR GUZMAN with arrest and deportation on that date.

22. The UNITED STATES OF AMERICA had a duty not to threaten VICTOR GUZMAN with arrest and deportation on that date.

23. The CITY OF NEW YORK had a duty not to conduct an illegal search on that date.

24. The UNITED STATES OF AMERICA had a duty not to conduct an illegal search on that date.

25. The CITY OF NEW YORK had a duty not to collect evidence that wase not sufficiently attenuated from the illegal search on that date.

26. The UNITED STATES OF AMERICA had a duty not to collect evidence that was not sufficiently attenuated from the illegal search on that date.

27. The CITY OF NEW YORK had a duty to not threaten that VICTOR GUZMAN's child would be raised by another on that date.

28. The UNITED STATES OF AMERICA had a duty to not threaten that VICTOR GUZMAN's child would be raised by another on that date.

29. The CITY OF NEW YORK had a duty to honor VICTOR GUZMAN's invocation of his right to remain silent on that date.

30. The UNITED STATES OF AMERICA had a duty to honor VICTOR GUZMAN's invocation of his right to remain silent on that date.

31. The CITY OF NEW YORK had a duty not to unlawfully question VICTOR GUZMAN after he invoked his Miranda rights on that date.

32. The UNITED STATES OF AMERICA had a duty not to unlawfully question VICTOR GUZMAN after he invoked his Miranda rights on that date.

33. The CITY OF NEW YORK had a duty not to be negligent and lack probable cause to conduct their operation in the manner in which they did on that date.

34. The UNITED STATES OF AMERICA had a duty not to to be negligent and lack probable cause to conduct their operation in the manner in which they did on that date.

35. The CITY OF NEW YORK breached its duty when it did not go through the proper steps to conduct a legal search of the plaintiff's home if it were warranted.

36. The UNITED STATES OF AMERICA breached its duty when it did not go through the proper steps to conduct a legal search of the plaintiff's home if it were warranted.

37. The CITY OF NEW YORK breached its duty when it did not obtain a warrant to conduct a legal search of the plaintiff's home if it were warranted.

38. The UNITED STATES OF AMERICA breached its duty when it did not go through the proper steps to conduct a legal search of the plaintiff's home if it were warranted.

39. The UNITED STATES OF AMERICA breached its duty when it did not obtain a warrant to conduct a legal search of the plaintiff's home if it were warranted.

40. The CITY OF NEW YORK breached its duty when it did not remain within the permissible scope of a warrantless protective sweep on that date.

41. The UNITED STATES OF AMERICA breached its duty when it did not remain within the permissible scope of a warrantless protective sweep on that date.

42. The CITY OF NEW YORK breached its duty when it violated VICTOR GUZMAN's Fourth Amendment rights on that date.

43. The UNITED STATES OF AMERICA breached its duty when it violated VICTOR GUZMAN's Fourth Amendment rights on that date.

44. The CITY OF NEW YORK breached its duty when it coerced VICTOR GUZMAN into giving consent to search the premises on that date.

45. The UNITED STATES OF AMERICA breached its duty when it coerced VICTOR GUZMAN into giving consent to search the premises on that date.

46. The CITY OF NEW YORK breached its duty when it threatened VICTOR GUZMAN with arrest and deportation on that date.

47. The UNITED STATES OF AMERICA breached its duty when it threatened VICTOR GUZMAN with arrest and deportation on that date.

48. The CITY OF NEW YORK breached its duty when it conducted an illegal search on that date.

49. The UNITED STATES OF AMERICA breached its duty when it conducted an illegal search on that date.

50. The CITY OF NEW YORK breached its duty when it collected evidence that was not sufficiently attenuated from the illegal search on that date.

51. The UNITED STATES OF AMERICA breached its duty when collected evidence that was not sufficiently attenuated from the illegal search on that date.

52. The CITY OF NEW YORK breached its duty when it threatened that VICTOR GUZMAN's child would be raised by another on that date.

53. The UNITED STATES OF AMERICA breached its duty when it threatened that VICTOR GUZMAN's child would be raised by another on that date.

54. The CITY OF NEW YORK breached its duty when it did not honor VICTOR GUZMAN's invocation of his right to remain silent on that date.

55. The UNITED STATES OF AMERICA breached its duty when it did not honor VICTOR GUZMAN's invocation of his right to remain silent on that date.

56. The CITY OF NEW YORK breached its duty when it unlawfully questioned VICTOR GUZMAN after he invoked his Miranda rights on that date.

57. The UNITED STATES OF AMERICA breached its duty when it unlawfully questioned VICTOR GUZMAN after he invoked his Miranda rights on that date.

58. The CITY OF NEW YORK breached its duty when it was negligent and lacked probable cause to conduct their operation in the manner in which they did on that date.

59. The UNITED STATES OF AMERICA breached its duty when it was negligent and lacked probable cause to conduct their operation in the manner in which they did on that date.

60. As a direct and proximate result of the negligence of the defendants as alleged herein, plaintiff, VICTOR GUZMAN, suffered permanent and catastrophic injuries.

61. As a direct and proximate result of the negligence of the defendants as alleged herein, resulting in the permanent and catastrophic injuries to plaintiff, VICTOR GUZMAN, has in the past suffered and will in the future suffer damages including, but not limited to: as arrest, detainment, imprisonment, prosecution, violation of his civil rights. psychiatric and psychological sequelae including mental anguish, fear, insomnia, post traumatic stress disorder, paranoia, anxiety, and panic attacks, imprisonment for approximately 18 months, immigration/deportation proceedings loss of capacity of the enjoyment of life; and all other damages allowed by law.. Apart from the severe mental anguish of the plaintiff, he has also suffered economic losses, as a result of the negligence and unlawful acts of the defendants, and more specifically, due to the negligence, recklessness, malfeasance, and nonfeasance, of their agents, servants, and employees.

## COUNT II – MALICIOUS PROSECUTION AS TO ALL DEFENDANTS

62. The plaintiff adopts and realleges paragraphs 1 through 61 as if fully set forth herein

63. As a result of the defendants acts set forth herein, a criminal proceeding was commenced on the strength of the illegal conduct by these defendants.

64. On or about July 14, 2010, Hon. Judge Lewis A. Kaplan issued an opinion, found at Guzman v. U.S., 724 F.Supp.2d 434 (S.D.N.Y. 2010), which terminated the criminal proceedings in favor of the accused, VICTOR GUZMAN.

65. On or about July 14, 2010, the decision by Hon. Judge Lewis A. Kaplan, found at Guzman v. U.S., 724 F.Supp.2d 434 (S.D.N.Y. 2010), found that the defendants lacked probable cause.

66. On the basis of the decision by Hon. Judge Lewis A. Kaplan, the defendants initiated the proceedings on the basis of actual malice.

67. As a direct and proximate result of the malicious prosecution of the defendant as alleged herein, resulting in the permanent and catastrophic injuries to plaintiff, VICTOR GUZMAN, has in the past suffered and will in the future suffer damages including, but not limited to: as arrest, detainment, imprisonment, prosecution, violation of his civil rights. psychiatric and psychological sequelae including mental anguish, fear, insomnia, post traumatic stress disorder, paranoia, anxiety, and panic attacks, imprisonment for approximately 18 months, immigration/deportation proceedings loss of capacity of the enjoyment of life; and all other damages allowed by law.. Apart from the severe mental anguish of the plaintiff, he has also suffered economic losses, as a result of the negligence and unlawful acts of the defendants, and more specifically, due to the

negligence, recklessness, malfeasance, and nonfeasance, of their agents, servants, and employees.

## COUNT III – ILLEGAL DETAINMENT/FALSE IMPRISONMENT AS TO ALL DEFENDANTS

68. The plaintiff adopts and realleges paragraphs 1 through 67 as if fully set forth herein.

69. On or about April 29, 2009, and for a lengthy time thereafter, the defendants unlawfully intended to confine VICTOR GUZMAN.

70. On or about April 29, 2009, and for a lengthy time thereafter, the plaintiff was conscious of the confinement.

71. On or about April 29, 2009, and for a lengthy time thereafter, the plaintiff did not consent to confinement.

72. On or about April 29, 2009, and for a lengthy time thereafter, the confinement was not otherwise privileged,

73. As a direct and proximate result of the false imprisonment and illegal detainment of the defendants as alleged herein, resulting in the permanent and catastrophic injuries to plaintiff, VICTOR GUZMAN, has in the past suffered and will in the future suffer damages including, but not limited to: as arrest, detainment, imprisonment, prosecution, violation of his civil rights. psychiatric and psychological sequelae including mental anguish, fear, insomnia, post traumatic stress disorder, paranoia, anxiety, and panic attacks, imprisonment for approximately 18 months, immigration/deportation proceedings loss of capacity of the enjoyment of life; and all other damages allowed by law.. Apart from the severe mental anguish of the plaintiff, he has also suffered economic losses, as a result of the negligence and unlawful acts of the defendants, and more specifically, due to

the negligence, recklessness, malfeasance, and nonfeasance, of their agents, servants, and employees.

### COUNT IV – VIOLATION OF CIVIL RIGHTS AS TO ALL DEFENDANTS

74. The plaintiff adopts and realleges paragraphs 1 through 73 as if fully set forth herein.

75. As a result of the aforementioned conduct by defendants THE UNITED STATES OF AMERICA and THE CITY OF NEW YORK, plaintiff was subjected to an illegal, improper, unjustified, and false arrest by the defendants herein and was taken into custody.

76. As a result of the aforementioned conduct by defendants, plaintiff was unlawfully, improperly, unjustifiably and falsely caused to be imprisoned, detained, confined, incarcerated, and prosecuted by the defendant herein in criminal proceedings, without any probable cause, privilege, justification, or consent thereto.

77. All of the aforementioned acts of defendants its agents, officers, and employees, were carried out under the color of State, Federal, and/or local law.

78. All of the aforementioned acts on the part of defendants have deprived plaintiff of the rights, privileges and immunities guaranteed to all citizens of the United States in violation of 42 U.S.C § 1983 and the 4th, 5th, and 14th Amendments to the United States Constitution.

79. The acts complained of herein were carried out by the aforementioned police officer employees of defendant THE CITY OF NEW YORK in their capacities as police officers, with all of the actual and /or apparent authority attendant thereto.

80. The acts complained of herein were carried out by the aforementioned officer employees of defendant UNITED STATES OF AMERICA in their capacities as Drug Enforcement Agency officers, with all of the actual and /or apparent authority attendant thereto.

81. The acts complained of were carried out by the aforementioned employees of defendants in their capacities as officers, pursuant to the customs, usages, practices, procedures, and rules of the UNITED STATES OF AMERICA and THE CITY OF NEW YORK and the Drug Enforcement Agency and the New York City Police Department, all under the supervision of ranking officers of said department.

82. The defendants, their agents, officers and employees, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

83. The acts complained of have deprived plaintiff VICTOR GUZMAN of his rights: not to be deprived of liberty without due process of law; to be free from search, seizure, and arrest not based upon probable cause; to be free from searches not based upon probable cause; to be free from unwanted and malicious criminal prosecution; not to have summary punishment imposed upon him; and to be afforded equal protection under the law.

84. As a direct and proximate result of the civil rights violations of the defendants as alleged herein, resulting in the permanent and catastrophic injuries to plaintiff, VICTOR GUZMAN, has in the past suffered and will in the future suffer damages including, but not limited to: as arrest, detainment, imprisonment, prosecution, violation of his civil rights.

psychiatric and psychological sequelae including mental anguish, fear, insomnia, post traumatic stress disorder, paranoia, anxiety, and panic attacks, imprisonment for approximately 18 months, immigration/deportation proceedings loss of capacity of the enjoyment of life; and all other damages allowed by law.. Apart from the severe mental anguish of the plaintiff, he has also suffered economic losses, as a result of the negligence and unlawful acts of the defendants, and more specifically, due to the negligence, recklessness, malfeasance, and nonfeasance, of their agents, servants, and employees.

### COUNT V – FALSE ARREST AS TO ALL DEFENDANTS

85.    The plaintiff adopts and realleges paragraphs 1 through 84 as if fully set forth herein.

86.    On or about April 29, 2009, and for a lengthy time thereafter, the defendants unlawfully intended to confine VICTOR GUZMAN.

87.    On or about April 29, 2009, and for a lengthy time thereafter, the plaintiff was conscious of the confinement.

88.    On or about April 29, 2009, and for a lengthy time thereafter, the plaintiff did not consent to confinement.

89.    On or about April 29, 2009, and for a lengthy time thereafter, the confinement was not otherwise privileged,

90.    As a direct and proximate result of the false imprisonment and illegal detainment of the defendants as alleged herein, resulting in the permanent and catastrophic injuries to plaintiff, VICTOR GUZMAN, has in the past suffered and will in the future suffer damages including, but not limited to: as arrest, detainment, imprisonment, prosecution, violation of his civil rights. psychiatric and psychological sequelae including

mental anguish, fear, insomnia, post traumatic stress disorder, paranoia, anxiety, and panic attacks, imprisonment for approximately 18 months, immigration/deportation proceedings loss of capacity of the enjoyment of life; and all other damages allowed by law.. Apart from the severe mental anguish of the plaintiff, he has also suffered economic losses, as a result of the negligence and unlawful acts of the defendants, and more specifically, due to the negligence, recklessness, malfeasance, and nonfeasance, of their agents, servants, and employees.

WHEREFORE, the plaintiff, VICTOR GUZMAN, demands judgment against the UNITED STATES OF AMERICA and THE CITY OF NEW YORK, for damages plus interest, costs, and any other relief that this Court deems just and proper.

DATED 19th day of August, 2011

THE JACOB D. FUCHSBERG LAW FIRM, LLP
Attorneys for Plaintiff
500 Fifth Avenue, 45th Floor
New York, NY 10110-4599
Tel: 212-869-3500
Fax: 212-398-1532

By: _____
ANDREW S. BUZIN (AB/3002)
a.buzin@fuchsberg.com