
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 18 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR GUZMAN,

Plaintiff,

-against-

UNITED STATES OF AMERICA, THE CITY OF NEW YORK, JASON ROBLES, JOSEPH MERCURIO, CORNELIUS P. CLANCY, MICHAEL REVERENDO, MICHAEL BRYANT, KEVIN ROY, and BRUCE TAYLOR,

Defendants.

Case No. 11 Civ. 5834 (JPO) (FM)

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

WHEREAS, plaintiff Victor Guzman ("Plaintiff") commenced the above-referenced action (the "Action") on August 19, 2011;

WHEREAS, Plaintiff in the Action filed a complaint, on August 19, 2011, an amended complaint on August 31, 2011, and a second amended complaint on July 6, 2012 (the "Complaints");

WHEREAS, in the Complaints Plaintiff asserted claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971), against defendants Jason Robles, Joseph Mercurio, Cornelius P. Clancy, Michael Reverendo, Michael Bryant, Kevin Roy, and Bruce Taylor (collectively, the "*Bivens* Defendants"), who for purposes of this lawsuit are deemed employees of the United States Drug Enforcement Administration, arising from events alleged therein;

WHEREAS, in the Complaints Plaintiff asserted claims against the United States of America (the "United States") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680 (the "FTCA Claims"), arising from events alleged therein;

WHEREAS, the *Bivens* Defendants and the United States (collectively, the "Federal Defendants") filed their answers in the Action, denying all liability and fault;

WHEREAS, by agreement dated April 30, 2014, Plaintiff dismissed defendant the City of New York from the Action with prejudice;

WHEREAS, pursuant to 28 U.S.C. §§ 1346(b) and 2679(b)(1), the United States is the only proper defendant for any claims for injury or loss of property or personal injury arising or resulting from any alleged negligent, alleged wrongful act, or alleged wrongful omission of any employee of the United States in his or her official capacity while acting within the scope of his or her office or employment;

WHEREAS, Plaintiff has decided to voluntarily dismiss the *Bivens* Claims against the *Bivens* Defendants pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure with prejudice; and

WHEREAS, Plaintiff and the United States have reached a settlement of the FTCA Claims;

IT IS HEREBY STIPULATED AND AGREED, by and between all parties, that Plaintiff's claims in the Action shall be settled and compromised on the following terms and conditions:

1. Plaintiff dismisses any and all claims against the *Bivens* Defendants and the United States with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, without costs or attorney's fees to any party.

2. The United States is substituted as a defendant for the *Bivens* Defendants, and the Clerk of the Court is directed to amend the caption as follows: "Victor Guzman, Plaintiff, v. United States of America, Defendant."

3. This Settlement Stipulation and Order of Dismissal (the "Stipulation and Order") shall not constitute an admission of liability or fault on the part of any of the *Bivens* Defendants, the United States or any of its present or former departments, agencies, agents, officials, or employees.

4. The United States will pay to Plaintiff the sum of $30,000 (the "Settlement Amount") in connection with Plaintiff's FTCA Claims. As Plaintiff has agreed to voluntarily dismiss all of the *Bivens* Claims against the *Bivens* Defendants with prejudice and without payment, no portion of the Settlement Amount is attributable to the *Bivens* Claims. The Settlement Amount is inclusive of all costs or attorney's fees of any kind, in accordance with 28 U.S.C. § 2678, and any and all liens and fees are to be satisfied by Plaintiff out of the Settlement Amount. Pursuant to 28 U.S.C. § 2678, the counsel for Plaintiff may not charge, demand, receive or collect for services rendered fees amounting to greater than 25% of the Settlement Amount after reimbursement of case disbursements.

5. Plaintiff agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims and demands that he or his heirs, executors, administrators, or assigns may have or hereafter acquire on account of the alleged events, circumstances or incidents giving rise to this lawsuit and all claims incident thereto, including but not limited to any such claims asserted by Plaintiff in the Action against the *Bivens* Defendants, the United States or any of its present or former departments, agencies, agents, officials, or employees. Plaintiff hereby releases the *Bivens* Defendants, the United States and any of its present or former departments, agencies, agents, officials, or employees. from any and all claims and liabilities arising directly or indirectly from the alleged circumstances or incidents giving rise to this lawsuit and all claims incident thereto, including but not limited to any claims asserted by Plaintiff in the Action.

6. Plaintiff will indemnify and hold harmless the *Bivens* Defendants and the United States from any and all causes of action, claims, rights, or subrogated interests arising from the assignment of claims or liens upon the Settlement Amount, and the Stipulation and Order shall constitute a written agreement to that effect.

7. Plaintiff understands that taxes will not be withheld from the Settlement Amount. Plaintiff represents and warrants that he shall assume all responsibility for, and shall protect, indemnify, defend, and hold the *Bivens* Defendants and the United States harmless from and against any and all claims, losses, damages, liability, suits, actions, judgments, costs, penalties, and expense resulting from any liability or claim of liability for any amounts assessed by or due to any federal, state, or local government or agency thereof, including, but not limited to, federal, state, and local taxes owed in connection with the payment to him.

8. Counsel for Plaintiff, the *Bivens* Defendants and the United States each represent that they have been duly authorized by their respective clients to enter into the Stipulation and Order on their behalf and that the Stipulation and Order is legally binding on their respective clients.

9. This Stipulation and Order and the releases contained herein shall be governed by, interpreted under, and construed in accordance with federal law in this jurisdiction.

10. This Stipulation and Order shall be binding upon and inure to the benefit of Plaintiff, the *Bivens* Defendants, the United States and their respective successors and assigns.

11. The terms of the Stipulation and Order shall become effective upon entry of the Stipulation and Order.

12. The Stipulation and Order may be signed in two or more counterpart originals, each of which shall be deemed to be an original.

13. This Stipulation and Order contains the entire agreement among Plaintiff, the *Bivens* Defendants and the United States, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between Plaintiff, the *Bivens* Defendants and the United States that are not included herein shall be of any force or effect.

Dated: New York, New York
~~October ___~~, 2014
December 4

By: ______________________
CHRISTOPHER NYBERG
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue
New York, NY 10110
Tele.: (212) 869-3500 ext. 232
Email: c.nyberg@fuchsberg.com
*Counsel for Plaintiff*

Dated: New York, New York
~~October ___, 2014~~
January 25, 2015

PREET BHARARA
United States Attorney for the
Southern District of New York

By: ______________________
BRANDON H. COWART
86 Chambers Street, 3rd Fl.
New York, NY 10007
Tel.: (212) 637-2693
Email: brandon.cowart@usdoj.gov
*Counsel for the Federal Defendants*

SO ORDERED

______________________ 2/17/15
THE HONORABLE J. PAUL OETKEN
U.S. District Court Judge